UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

**ROMMEL DeJESUS RIPLEY**        **CIVIL ACTION NO. 3:13-cv-3045**

**VS.**        **SECTION P**

       **JUDGE ROBERT G. JAMES**

**DY. SHANE SMITH**        **MAGISTRATE JUDGE KAREN L. HAYES**

REPORT AND RECOMMENDATION

*Pro se* plaintiff Rommel DeJesus Ripley, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 8, 2013. Plaintiff is an inmate at the Ouachita Parish Corrections Center (OPCC). He complains that he was injured when he was arrested on September 17, 2013. He sues the arresting officer, Dy. Shane Smith of the Ouachita Parish Sheriff's Office; he prays for compensatory damages for an unspecified injury to his finger. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

Plaintiff's complaint is succinct: "On September 17, 2013, I was detained by Deputy Smith on a call about a probation warrant. In the process of being handcuffed I tried to let the deputy know he was hurting me. When I arrived at Ouachita Correction Center I could not move to bend my pinky finger and I have been to medical and there is nothing they can do at this facility." [Doc. 1, ¶III] He prayed for "monetary compensation for medical expenses and lost

[sic] of wages." [Id., ¶IV]

On the other hand, the Dy. Smith's Affidavit of Probable Cause for Arrest Without a Warrant, provides the following allegations: "Deputy arrived at 213 Pierce involving a disturbance and learned that the arrestee had warrants for his arrest. Deputy saw a black male sitting on the front steps ... Deputy advised [arrestee] that he was being placed under arrest for his warrants at which time I placed handcuffs on [arrestee]. As Deputy was escorting [arrestee] to my assigned patrol car, [arrestee] refused to enter into the back seat. I gave [arrestee] (3) three clear verbal commands to comply at which time he tensed up. Dy. Delivered (2) two knee strikes to arm.... [and] upper thigh at which time he was trying to push his body against Dy. Dy. Then deployed the X-26 Taser to gain compliance. After arm was tased, myself and Cpl. Arnold was able to get him in the back seat. Once in the car, [arrestee] started using both feet to kick out the back driver side window. Window did not break , but was shoved out of the seal causing the frame to bend..." Based upon these facts, plaintiff was arrested and charged with Criminal Damage to Property, Resisting an Officer, Simple Battery on a Police Officer, and Public Intimidation. He was also arrested on warrants for failing to appear at a review hearing on a charge or conviction for domestic battery and resisting arrest.[1]

The presumptively reliable public records of the Ouachita Parish Sheriff's Office also indicate that plaintiff was booked into the OPCC on those charges on September 17, 2013, and that thereafter he was convicted of criminal damage to property and simple battery on a police

---

[1] See Ouachita Parish Corrections Center website at
http://67.63.252.220/AffView.aspx?ImgBookAff=http://67.63.252.220/webOCC/GSImages/13-3099951_001.jpg (as of December 18, 2013).

officer.²

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

District courts may dismiss an *in forma pauperis* complaint as frivolous under §1915(d) if it lacks an arguable basis in law or fact. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir.), *cert. denied*, 115 S.Ct. 220 (1994). "Section 1915(d) accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id* . (internal quotation and citation omitted).

*2. Excessive Force*

Plaintiff claims that he was the victim of excessive force at the hands of the defendant Dy. Shane Smith. To prevail on an excessive force claim, a plaintiff must establish: "(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the

---

² Id., http://www.opso.net/bookings/ (Ripley, Rommel, Dejesus)

excessiveness of which was clearly unreasonable." *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005); *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000).

Plaintiff has alleged a non-specific injury to his "pinky" finger. He claims, in conclusory fashion, that the injury was the result of being too tightly restrained in handcuffs. He does not, nor can he, establish that the complained of use of force was "clearly excessive" and "clearly unreasonable."

As noted above, the presumptively reliable public records of the Ouachita Parish Sheriff's Department establish that plaintiff was ultimately convicted of battery on a police officer, a charge which was leveled against him on the date he allegedly sustained the complained of injury to his "pinky" finger.

Plaintiff's claim is barred by the principals enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and by the Fifth Circuit Court of Appeals in *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996). In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined, "[I]n order to recover damages for allegedly unconstitutional ... <u>harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254.</u>" (Emphasis supplied) A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks

by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

In *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996), the Fifth Circuit, applying *Heck*, determined that a Louisiana conviction for battery of an officer bars the plaintiff from suing for excessive force in connection with the incident. In so doing, the Court made the following observations:

> Hudson was arrested and convicted of battery of an officer. In Louisiana, self-defense is a justification defense to the crime of battery of an officer. See LSA–R.S. 14:19; *Louisiana v. Blancaneaux*, 535 So.2d 1341 (La.App.1988)(discussing justification defense to battery of officer conviction). To make out a justification defense, the criminal defendant charged with battery of an officer must show that his use of force against an officer was both reasonable and necessary to prevent a forcible offense against himself. *Blancaneaux*, 535 So.2d at 1342. Because self-defense is a justification defense to the crime of battery of an officer, Hudson's claim that Officers Defillo, Hingle, and Lanasa used excessive force while apprehending him, if proved, necessarily would imply the invalidity of his arrest and conviction for battery of an officer. This is true because the question whether the police applied reasonable force in arresting him depends in part on the degree of his resistance, which in turn will place in issue whether his resistance (the basis of his conviction for assaulting a police officer) was justified, which, if it were, necessarily undermines that conviction. We conclude therefore that to the extent that Hudson seeks to recover from the City of New Orleans and Officers Defillo, Hingle, and Lanasa for the defendants' alleged use of excessive force during his arrest, his section 1983 action may not proceed.
>
> *Hudson v. Hughes*, 98 f.3d at 873.

Plaintiff herein advances an excessive force claim; he, like Hudson, was arrested and convicted of battery of an officer. Nothing suggests that his conviction has been overturned,

invalidated, or otherwise called into question. Therefore, his excessive force claim is legally frivolous and subject to dismissal on that basis. *See Boyd v. Biggers*, 31 F.3d 279, 283–84 (5th Cir.1994).

### *Conclusion and Recommendation*

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14)days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996),** *superceded by statute on other grounds***, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).**

In Chambers, Monroe, Louisiana, December 18, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE